812 F.2d 567
 43 Fair Empl.Prac.Cas. 483,
42 Empl. Prac. Dec. P 36,917
Thanh Lucia RATHGEB, Plaintiff-Appellant,
v.
AIR CAL, INC., a California Corp., Transport Worker Union of
America Local 505, Defendants-Appellees.
 No. 85-2221.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 14, 1986.
Decided March 12, 1987.
 
 Sandra Schultz, San Bruno, Cal., Thanh Lucia Rathgeb, Hayward, Cal., for plaintiff-appellant.
 Kenneth E. Ristau, Jr., William D. Claster, Peter D. Holbrook, Newport Beach, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before SCHROEDER, CANBY and BOOCHEVER, Circuit Judges.
 CANBY, Circuit Judge:
 
 
 1
 Thanh Lucia Rathgeb, a Vietnamese-born female American citizen, claims that Air Cal discriminated against her in employment because of her sex, race, and national origin, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e) and 42 U.S.C. Sec. 1981. After a trial to the court, the district judge entered judgment for Air Cal. We reverse and remand.
 
 FACTS:
 
 2
 Air Cal employs mechanics represented by the Transport Workers Union of America (the Union). Prior to June 1, 1981, the collective bargaining agreement between Air Cal and the Union did not distinguish among mechanics by the areas in which they worked. Among the work areas at Air Cal were cabin interior and trim shop.
 
 
 3
 Air Cal and the Union adopted a new collective bargaining agreement (CBA) effective June 1, 1981. The new CBA for the first time distinguished among mechanics by skill areas and listed requirements for each area. The general skill area, which is interpreted by the Union and Air Cal to include cabin interior work, required "3 years' general mechanical work experience on comparable jet aircraft and engines." The upholstery skill area, which is interpreted to include trim shop work, required three years of general mechanical work experience plus "a minimum of 1 year's work experience in sewing of aircraft interior fabrics." The CBA also contained a grandfather clause, which provided that "[a]ll employees who are assigned to the Mechanical classifications as of June 1, 1981, shall be deemed qualified in their present assignment/skill within their respective classifications," even if the employees did not meet the qualifications established by the CBA for a particular skill area.
 
 
 4
 Rathgeb was hired by Air Cal as a seamstress in October 1977. Prior to June 1, 1981, she worked in both trim shop and cabin interior. She was working in the trim shop on June 1, 1981. In September 1981, Air Cal issued Rathgeb a skill qualification card. The card indicated that Rathgeb was qualified in both the upholstery and general mechanic skill areas.
 
 
 5
 When Rathgeb attempted to work overtime as a general mechanic, Air Cal became concerned about her qualifications. A general mechanic's duties may include working on the engine and other mechanical parts of the airplane as well as in cabin interior. In April 1982, Union representatives and an Air Cal supervisor met with Rathgeb and persuaded her to sign a new skill card relinquishing her general classification. Rathgeb and the Air Cal supervisor both testified that the supervisor assured Rathgeb that she would be permitted to work in the cabin interior after relinquishing her general classification and that this condition was so noted on the new skill card. Rathgeb did not file a charge of discrimination with the EEOC with regard to this incident.
 
 
 6
 Air Cal subsequently laid Rathgeb off. In April 1983, Air Cal recalled a less senior white male, who was classified as a general mechanic, to work in cabin interior. Rathgeb filed a grievance with the Union. During the grievance proceeding, a Union-Air Cal appeals board concluded that Rathgeb was qualified to work only in upholstery. The board determined that Rathgeb should nevertheless be given the opportunity to demonstrate that she possessed the qualifications of a general mechanic. Rathgeb filed a charge of discrimination with the EEOC in October 1983 relating to the recall of less senior employees to cabin interior work.
 
 
 7
 Pursuant to the grievance board's decision, Air Cal recalled Rathgeb to permit her to demonstrate her skills as a general mechanic. Rathgeb contends that she should not have been required to demonstrate her skills as a general mechanic because she was qualified to work in cabin interior. She also contends that the qualification procedure was unfair. Rathgeb claims that she was given no guidance during the qualifying period, that she was required to perform tasks other mechanics were not, and that she was told that she was a special case. Rathgeb also claims that she was told early in the process that Air Cal had decided she was not qualified. Rathgeb filed a second grievance with the Union and another charge with the EEOC relating to discriminatory treatment during the qualifying period. The appeals board denied her grievance, and the EEOC found against her and issued a notice of right to sue.
 
 
 8
 Rathgeb brought this action against Air Cal and the Union. The Union was subsequently dismissed. Rathgeb alleges three causes of action: a claim of race discrimination under 42 U.S.C. Sec. 1981, a claim of sex and national origin discrimination under Title VII, and a state law claim for infliction of emotional distress.[1] She bases these claims on three incidents of alleged discrimination: the relinquishment of her qualification in the general skill area and issuance of a new skill card indicating upholstery as her sole skill; the recall of less senior white male workers; and discriminatory treatment during the October 1983 qualifying period.
 
 
 9
 The case was tried to the district judge, who refused to decide Rathgeb's skill card claim because she had not filed a charge with the EEOC for that incident. The district court entered judgment for Air Cal on the last two claims, finding that Rathgeb had failed to prove a prima facie case of disparate treatment,[2] that she was not qualified to work as a general mechanic, and that Air Cal had valid, nondiscriminatory business reasons for not recalling her to cabin interior. The district court also found that Rathgeb was not discriminatorily treated during her qualifying period.
 
 DISCUSSION:
 
 10
 "After a Title VII case is fully tried, we review the decision under the clearly erroneous standard applicable to factual determinations." Kimbrough v. Secretary of United States Air Force, 764 F.2d 1279, 1281 (9th Cir.1985). We focus on the ultimate question of discrimination--whether we can definitely and firmly say that the trial court clearly erred in finding that Rathgeb failed to prove discrimination. United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 715-16, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403, 410-11 (1983); Casillas v. United States Navy, 735 F.2d 338, 343 (9th Cir.1984).
 
 
 11
 To succeed under a section 1981 or Title VII disparate treatment claim, a plaintiff must prove by a preponderance of the evidence that she was subjected to intentional discrimination. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 1093-94, 67 L.Ed.2d 207, 215 (1981); see also Aikens, 460 U.S. at 716, 103 S.Ct. at 1482, 75 L.Ed.2d at 410-11.[3]
 
 
 12
 In the present case, the district judge ruled that Rathgeb failed to prove that she was subjected to intentional discrimination with regard to the recall of less senior white male workers because she did not show that she was qualified for cabin interior work. The judge based his ruling in part on his conclusion that the grandfather clause of the CBA qualified employees in a skill area only if on the qualifying date the employees were actually working at a task that became classified under the skill area. Rathgeb was working in the trim shop on the qualifying date, and the judge accordingly found that the clause qualified her only for upholstery work. We disagree.
 
 
 13
 Although we review the finding of the trial court on discrimination as an issue of fact, we review interpretations of contractual language de novo in the same manner as questions of law. Miller v. Safeco Title Ins. Co., 758 F.2d 364, 367-68 (9th Cir.1985). The grandfather clause states that "[a]ll employees who are assigned to the Mechanical classifications as of June 1, 1981, shall be deemed qualified in their present assignment/skill within their respective classifications." The grandfather clause suggests that it was designed to qualify an employee to perform a task, such as trim shop work or cabin interior work, if she was either skilled at the task or assigned to the task on the qualifying date. This reading is the most plausible explanation of why the clause refers to both present "assignment" and "skill". Under this interpretation of the clause, the record indicates that Rathgeb would be deemed qualified to work in either cabin interior or trim shop because she was skilled at cabin interior work on June 1, 1981 and was assigned to the trim shop on that date.
 
 
 14
 It is clear from the record that Air Cal, the Union, and Rathgeb herself initially interpreted the CBA to cover all employees who were either skilled at a task or assigned to the task on the qualifying date. First, Air Cal's issuance of Rathgeb's September 24, 1981 skill card makes sense only if Air Cal interpreted the CBA to "grandfather" Rathgeb into cabin interior work in the general mechanic area. As the district judge noted in his findings of fact, "plaintiff did not possess the requisite experience to be qualified in the general mechanic skill area, as experience in the trim shop does not count toward the three years' general mechanical work experience required for qualification as a general mechanic." The grandfather clause is thus the only plausible explanation for Air Cal's issuance of a skill card designating Rathgeb as qualified in the general mechanic skill area. Second, Rathgeb's voluntary surrender of her skill card and Air Cal's assurances that she would be able to continue cabin interior work are readily intelligible only if all parties believed that the grandfather clause qualified Rathgeb to work in cabin interior regardless of her skill card. We conclude, therefore, that at the time she relinquished her skill card, Rathgeb was grandfathered into cabin interior work that she had previously performed, as well as into work in the trim shop. The district court's conclusion to the contrary is clearly erroneous.
 
 
 15
 The district court's ultimate conclusion that Rathgeb had failed to bear her burden of proving discrimination was clearly based on its mistaken conclusion that Rathgeb had never been grandfathered into cabin interior work. Because of that ruling, the district court never addressed any other reasons, including a possible post hoc change in the grandfathering policy, why Rathgeb might have been denied recall. We therefore reverse and remand for further proceedings to determine whether, in light of Rathgeb's grandfathered status at the time she surrendered her skill card, and in light of any other reasons put forth for Air Cal's actions, Rathgeb was discriminated against because of her race, sex or national origin.
 
 
 16
 We agree with the district court that the statute of limitations bars any claim for discrimination that may have matured at the time of the surrender of Rathgeb's skill card. As our preceding discussion should make clear, however, this bar is not fatal to her action. Rathgeb had no reason to complain of loss of her eligibility for cabin interior work at the time she relinquished her skill card; she was grandfathered into such work and the surrender of her card had no effect on her cabin interior status. Her claim for discriminatory deprivation of cabin interior status did not mature until Air Cal passed her over and recalled to cabin interior a white male worker of less seniority.
 
 
 17
 We also find no clear error in the district court's determinations that the qualifying procedure for general mechanic was fair and was not discriminatorily applied to Rathgeb.
 
 CONCLUSION:
 
 18
 The district court erred in ruling that Rathgeb failed to prove that she was subjected to intentional discrimination with regard to the recall of less senior white male workers because she failed to show that she was qualified for cabin interior work. The grandfather clause of the CBA, as initially interpreted by Air Cal and the Union, qualified Rathgeb for both trim shop and cabin interior work. We therefore reverse and remand for further proceedings to determine whether, in light of Rathgeb's grandfathered status at the time she surrendered her skill card, and in light of any other reasons put forth for Air Cal's actions, Rathgeb was denied recall because of her race, sex, or national origin. The nature of any additional proceedings will be determined, of course, by the outcome of that question. This panel will retain jurisdiction over any further appeal.
 
 
 19
 REVERSED AND REMANDED.
 
 
 
 [1]
 Rathgeb does not raise on appeal the district court's adverse ruling on her emotional distress claim
 
 
 [2]
 Rathgeb argues that her claim should be viewed as one for disparate impact as well as for disparate treatment. Neither the complaint nor the evidence presented at trial supports a finding of disparate impact, and we decline to address this issue raised for the first time on appeal
 
 
 [3]
 Rathgeb's claims of sex and national origin discrimination are cognizable under Title VII. Gay v. Waiters' and Dairy Lunchmen's Union, 694 F.2d 531, 536 (9th Cir.1982). Her claim of race discrimination is cognizable under both Title VII and Section 1981. Id